## UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** : | |
| **John V. Grisaffe** : | Bankruptcy No: 13-13884-jkf |
| **Debtor** : | Chapter 13 |
| : | |

### ***Notice to creditors

YOUR RIGHTS WILL BE AFFECTED

**If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan**

### GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

1. All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

2. If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtors. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtors are responsible for reviewing claims and filing objections, if appropriate.

3. In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

4. If debtors are successful in obtaining a recovery in any personal injury or other litigation in which debtors are the plaintiffs during the term of this plan, any such recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtors' regular plan payments, for the benefit of the unsecured creditors.

# DEBTOR'S CHAPTER 13 PLAN

**PLAN PROVISIONS DISCHARGE:**

**The debtors will seek a discharge of debts pursuant to Section 1328(a).**

1. **Payments to the Trustee:** The future earnings or other future income of the Debtors is submitted to the supervision and control of the trustee. The Debtor shall pay to the trustee the sum of **$1,047.35** per month for **60** months for a total of **$62,841.00**

2. **SECURED CLAIMS:**
   a. **Adequate Protection Payments under Section 1326.**

   Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor. Adequate protection payments will terminate upon confirmation of the debtors' Chapter 13 Plan, and any further payments to a creditor previously receiving adequate protection payments will be governed according to the terms of the confirmed plan.

   | NONE |
   |------|

   b. **Mortgages and Other Direct Payments by Debtors.**

   Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

   | Name of Creditor | Description of Collateral | Monthly Payment | Principal Balance of Claim | Interest Rate |
   |---|---|---|---|---|
   | **Citi Mortgage** | 18 Scarlet Avenue Aston, PA 19014 | $1,370.22 | $ 177,462.74 | n/a |
   | **Wings Financial** | 18 Scarlet Avenue Aston, PA 19014 | $144.00 | $ 10,098.04 | n/a |

   c. **Arrears :**

   | Name of Creditor | Description of Collateral | Amount of Arrears |
   |---|---|---|
   | **Citi Mortgage** | 18 Scarlet Avenue Aston, PA 19014 | $10,961.00 |
   | **Wings Financial** | 18 Scarlet Avenue Aston, PA 19014 | $710.00 |

### d. Secured Claims Paid According to Modified Terms

These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as 'NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE SHALL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN.

| NONE |
|---|

### e. Other Secured Claims.

| NONE |
|---|

### f. Surrender of Collateral:

| NONE |
|---|

### g. Lien Avoidance:

| NONE |
|---|

## 3. PRIORITY CLAIMS

a. **Allowed unsecured claims** entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4).

**\*\*\*\*\*\*\*\*\*Debtor will continue to have his wages garnished by his Employer to conform with the Domestic Support Obligation obtained in Delaware County, PA. This claim will not be treated in the Debtor's Plan.**

| Name of Creditor | Total Payment |
|---|---|
| **Internal Revenue Service** | **$5,104.00** |

b. **Administrative Claims:**

**Trustee fees:** Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

## 4. UNSECURED CLAIMS

### a. Claims of Unsecured Non-Priority Creditors Specially Classified.

Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full:

| NONE |
|---|

b. **Claims of General Unsecured Creditors.**

Other unsecured debts that have filed claims in a timely manner by the proof of claim bar date shall be paid in full (100%) of any and all available funds remaining after all administrative, priority and/or secured claims are paid in full.

C. <u>Funding:</u>  The Debtor's Chapter 13 Plan is a 100% Plan.

5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

- The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicated):

| NONE |
|------|

6. ORDER OF DISTRIBUTION:

Payments from the plan will be made by the trustee in the following order:

- Level 1: Debtors' attorney's fees.
- Level 2: Priority claims, pro rata.
- Level 3: Secured claims, pro rata.
- Level 4: Specially classified unsecured claims.

7. REVESTING OF PROPERTY

- Property of the estate will vest in the debtor upon confirmation.

Dated:                                                    _John V. Grisaffe_____

Debtor / **John V. Grisaffe**